LORING M. BLACK, ESQ. Attorney for the Union Vale Fire District
We acknowledge receipt of your letter containing requests for four legal opinions concerning "immunity" and "protection from suit" of volunteer firemen, including volunteer firemen who are members of an emergency rescue and first aid squad, for their actions, and also the "immunity" and "protection from suit" of emergency medical technicians, for their actions. The questions involve the interrelationship of General Municipal Law §§ 205-b
and 209-b with Public Health Law Article 30 (§§ 3000 through 3016).
General Municipal Law § 205-b provides that members of duly organized volunteer fire companies, in relation to acts done by them in the performance of their duties as volunteer firemen, "shall not be held liable civilly * * * except for wilfull negligence or malfeasance." General Municipal Law § 209-b, subdivision 1, authorizes any fireman to "render service in case of accidents, calamities or other emergencies in connection with which the services of firemen may be required, as well as in case of alarms of fire, unless he shall have been duly ordered not to render such service by the authorities having control of the fire department or company of which he is a member."
Public Health Law § 3013, subdivision 1, provides, in part:
 "* * * a voluntary ambulance service described in subdivision three of section three thousand one of this article and any member thereof who is an emergency medical technician and who voluntarily and without the expectation of monetary compensation
renders medical assistance in an emergency to a person who is unconscious, ill or injured shall not be liable for damages for injuries alleged to have been sustained by such person or for damages for the death of such person alleged to have occurred by reason of an act or omission in the rendering of such medical assistance in an emergency unless it is established that such injuries were or such death was caused by gross negligence on the part of such emergency medical technician." (Emphasis supplied.)
For clarity and for the purposes of this opinion, this condition or grant, or the status so created or conferred by the above-mentioned statutes, shall be termed "immunity" and the term immunity, as used herein, applies only where there is no wilfull negligence or malfeasance or gross negligence, as the case may be. The immunity discussed herein exists only in relation to acts authorized by these statutes upon the occasions and conditions therein specified and in places where authorized.
General Municipal Law § 209-b, subdivision 1, authorizes, within fire departments or fire companies, the creation of emergency rescue and first aid squads composed of firemen who are members of such departments or companies. This authorization applies to paid, as well as to volunteer, firemen, fire departments and fire companies. General Municipal Law § 209-b, subdivision 2, allows the authorities having control of fire departments and companies to pass a resolution authorizing an emergency rescue and first aid squad "composed mainly of volunteer firemen" to furnish general ambulance service for the purpose of:
 "* * * (1) transporting any sick, injured or disabled person found within the city, town, village or fire district to a hospital clinic, sanatorium or other place for treatment and care and returning any such person therefrom if still sick, injured or disabled and (2) returning any sick, injured or disabled resident of the city, town, village or fire district from a hospital, clinic, sanatorium or other place where such person has received treatment and care."
General Municipal Law § 209-b, subdivision 1, provides, in part, that such squads:
 "* * * so organized, may render services in case of accidents, calamities or other emergencies in connection with which their services may be required, as well as in case of alarms of fire. Whether or not such squads have been organized, any fireman may render service in case of accidents, calamities or other emergencies in connection with which the services of firemen may be required, as well as in case of alarms of fire, unless he shall have been duly ordered not to render such service by the authorities having control of the fire department or company of which he is a member. * * *"
An emergency rescue and first aid squad contemplated by General Municipal Law § 209-b, subdivision 1, provides "ambulance service" as defined in Public Health Law § 3001, subdivision 2 by a "voluntary ambulance service" as defined in Public Health Law § 3001, subdivision 3, whereas the "general ambulance service" contemplated by General Municipal Law §209-b, subdivision 2, includes not only such "ambulance service" by such a "voluntary ambulance service" but also,to a limited extent, "invalid coach service" as defined in Public Health Law § 3001, subdivision 6, although there is not authority for a "general ambulance service" to be created under General Municipal Law § 209-b
solely for the purpose of providing "invalid coach service".
Note that although emergency rescue and first aid squads may be formed by any fire department or fire company, the provision of general ambulance service contemplated in General Municipal Law §209-b, subdivision 2, is restricted to those emergency and first aid squads "composed mainly of volunteer firemen".
It has been held that when members of various types of squads of a volunteer fire department or company are performing their duties they are performing firemanic duties. 1975 Op. Atty. Gen. 103, 197; 7 Compt. 385 (1951).
This opinion applies to volunteer members of an emergency rescue and first aid squad of a volunteer fire department or fire company and hereafter in this opinion such volunteer members shall be referred to as "members" and such emergency rescue and first aid squads will be referred to as "squads" unless otherwise indicated by the context.
You inquire:
 "1. Are the members of a Fire Department Emergency Rescue and First Aid Squad afforded protection against suit under the provisions of Section 205-b, General Municipal Law, whether they are transporting non-emergent patients or transporting patients under emergency conditions?
 "2. Does a Fire Department Emergency Rescue and First Aid Squad receive immunity from suit under Section 3013, Public Health Law, or any other law?
 "3. Does an emergency medical technician not a member of a Fire Department Emergency Rescue and Fire (sic) Aid Squad only receive protection in an emergency situation? (See wording of Section 3001 [7] [sic], which, it might be argued, when read in conjunction with Section 3013 would give an EMT protection when transporting a patient on a non-emergent basis)
 "4. Is an emergency medical technician, member of a Fire Department Emergency Rescue and First Aid Squad, protected under the provisions of Section 3013 Public Health Law or under the provisions of 205-b General Municipal Law when, out of his Fire District, he stops to render medical assistance in an emergency? (Say, for example, the EMT is travelling [sic] on the Thruway or the Northway and comes on an automobile accident.)"
In our opinion, the immunity provisions contained in General Municipal Law § 205-b and in Public Health Law § 3013 may both apply under some circumstances to a volunteer fireman and in the event of suit against a volunteer fireman, the immunity under each statute should be pleaded as a separate, affirmative defense unless it is very clear that one or the other of the statutes do not apply.
In answer to your first question: In our opinion, all members of duly organized volunteer fire companies, as well as members of squads, have immunity when transporting patients under emergency conditions under the provisions of General Municipal Law § 205-b
and § 209-b, subdivisions 1 and 2 and, if general ambulance service has been authorized by the proper authorities pursuant to General Municipal Law § 209-b, subdivision 2, they also have immunity for transporting non-emergency patients when acting as a general ambulance service under that subdivision.
In answer to your second question: In our opinion, the immunity granted a voluntary ambulance service in Public Health Law §3013, subdivision 1 does not apply to a squad. The liability or immunity of the squad, as such, is derived from and through the fire department or company of which it is a part. For this purpose, a squad is not a legal entity and the question is irrelevant.
In answer to your third question: In our opinion, an emergency medical technician who is not a member of a squad has been granted immunity by Public Health Law § 3013 only for acts in rendering emergency medical assistance to a person who is unconscious, ill or injured. However, if, during the course of transportation of a sick, disabled or injured person under conditions not constituting an emergency, that person's condition develops into or reverts to an emergency condition, the emergency medical technician would receive immunity for the acts done relating to the emergency condition.
In answer to your fourth question: In our opinion, a certified emergency medical technician, whether or not a member of a squad, has immunity under Public Health Law § 3013 when rendering medical assistance in an emergency to a person who is unconscious, ill or injured and such immunity applies to acts in rendition of such medical assistance performed anywhere within the State of New York regardless of the district or area of activity of that emergency medical technician's organization.